# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 14-412 (DWF/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Antoine Chaus Eggleston, | |
| Defendant. | |

Michael M. Sawers, Esq., Faegre Drinker Biddle & Reath LLP, counsel for Defendant.

Craig R. Baune, James S. Alexander, Katharine T. Buzicky, and Lisa D. Kirkpatrick, Assistant United States Attorneys, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Antoine Chaus Eggleston's ("Eggleston") motion for compassionate release in light of the COVID-19 pandemic.[1] (Doc. Nos. 101, 111 (collectively, ("Motion")).) The United States of America (the "Government") opposes Eggleston's Motion.[2] (Doc. No. 114.) For the reasons discussed below, the Court respectfully denies Eggleston's Motion.

---

[1] On July 23, 2020, Eggleston filed a *pro se* motion for compassionate release (Doc. No. 101 ("*pro se* Motion")) and a motion to appoint counsel (Doc. No. 102). Eggleston was appointed counsel on August 18, 2020. (Doc. Nos. 104, 106.) On September 2, 2020, Eggleston's attorney filed a supplemental memorandum in support of releasing Eggleston pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 111 ("Def. Memo.")) (collectively with *pro se* Motion ("Motion").)

[2] The Court also received and considered Eggleston's reply to the Government's opposition. (Doc. No. 115 ("Reply").)

## BACKGROUND

On March 17, 2015, Eggleston pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  (Doc. Nos. 28, 30.)  On December 11, 2015, this Court sentenced him to 202 months' imprisonment to be followed by a five-year term of supervised release.  (Doc. Nos. 65, 66.)  Eggleston is currently incarcerated at Sandstone FCI in Minnesota.  BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed September 15, 2020).  According to the Bureau of Prisons ("BOP"), Eggleston's release date is September 29, 2029.  *Id.*

Eggleston now moves for compassionate release pursuant to 18 U.S.C. § 3582(c) on the grounds that he suffers from Type 2 diabetes mellitus, hypertension, and high cholesterol.  (*Pro se* Motion at 2; Def. Memo. at 1, 4-6; Reply at 5-6; *see also* Doc. No. 113 ("Medical Records").)  Eggleston asserts that "[a]s an individual with diabetes, [he] is at a risk of death several degrees higher than those inmates who do not have diabetes."  (Def. Memo. at 1, 5-6.)  He argues further that he is unsafe in any prison facility because "the spread [of COVID-19] is nearly impossible to control even with efforts to limit contact and maintain hygiene."  (*Id.* at 7-9.)  As of September 15, 2020, 18 inmates and 0 staff persons at Sandstone FCI were positive for COVID-19 and 5 inmates had recovered.  *See* Federal Burau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last accessed September 15, 2020).

**DISCUSSION**

Under 18 U.S.C. § 3582(c)(1)(A)(i), a Court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing reduction of sentences under § 3582(c)(1)(A) asserts in relevant part that a court may reduce a defendant's term of imprisonment after considering § 3553(a) factors if it finds that: (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "the reduction is consistent with this policy statement."[3] USSG § 1B1.13 ("Statement"). The Statement includes an application note that defines "extraordinary and compelling reasons" as (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other

---

[3]    While the policy statement refers only to motions filed by the BOP Director, the Court construes the statutory command pursuant to § 3582(c)(1)(A)(ii) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission" to mean that the Statement also applies to motions filed by defendants.

extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.[4]  *Id.*

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."[5]  *Id.*

The record reflects that Eggleston requested compassionate release from the warden at FCI Sandstone on May 21, 2020 and that his request was denied on June 11, 2020.  (*See* Doc. Nos. 101-3 at 2; 101-4 at 1.)  Accordingly, the Court finds that Eggleston has exhausted his administrative remedies and considers his Motion on the merits.

Notwithstanding, after a careful review of Eggleston's Motion, and supporting documentation including his Medical Records, the Court finds that Eggleston's circumstances do not meet the demanding standard for compassionate release.  The Court

---

[4]  The Statement cites examples of qualifying medical conditions including metastatic solid-tumor cancer, amyotrophic lateral sclerosis, end-stage organ disease, and advanced dementia.  Statement at n.1(A)(i).

[5]  While judicially created exhaustion requirements may sometimes be excused, no exception applies to a statutory command such as that presented in Section 3582(c)(1)(A).  *See Ross v. Blake*, 136 S. Ct. 1850, 855-57 (2016) (rejecting judicially created "special circumstances" exception to the exhaustion requirement unambiguously stated in the Prison Litigation Reform Act of 1995).

recognizes that Eggleston suffers from medical conditions, particularly Type 2 diabetes mellitus, that increase his risk of severe illness should he contract COVID-19.[6] Notwithstanding, Eggleston's Medical Records indicate that as of February 20, 2020, his diabetes was "well controlled."  (Medical Records at 32.)  Moreover, as of August 18, 2020, Eggleston was "doing generally well and [had] no acute complaints."  (*Id.* at 2.)  Accordingly, the Court cannot conclude that Eggleston suffers from a medical condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover.  (*See* Statement.)  While the Court recognizes Eggleston's fears related to the COVID-19 pandemic, this Court agrees with others that a generalized fear is insufficiently extraordinary or compelling to warrant immediate release.  *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).  The record clearly reflects that Eggleston's diabetes is being monitored, and that it is currently well-controlled.[7]  Moreover, the Court finds no basis to conclude that Sandstone FCI is or will be unable to accommodate Eggleston's specific concerns.[8]

---

[6]    According to the Centers for Disease and Prevention ("CDC"), persons with Type 2 diabetes mellitus are at increased risk for severe illness from COVID-19.  CDC, People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed September 10, 2020).

[7]    After a careful review of Eggleston's Medical Records, the Court also finds that the other medical conditions Eggleston suffers from, alone or in combination, similarly fail to meet the demanding standard necessary for compassionate release.

[8]    The Court also notes that Effective March 13, 2020, the BOP required all of its facilities to implement a set of measures "to mitigate the spread of COVID-19" and "to

In short, while the Court understands the gravity of the COVID-19 pandemic and recognizes Eggleston's specific concerns, the Court finds that the circumstances do not present an extraordinary and compelling reason to warrant release. Moreover, the Court also finds that even if Eggleston's circumstances were sufficiently extraordinary and compelling, the § 3553(a) sentencing factors weight against release. *See* 18 U.S.C. § 3582(c)(1)(A); Statement. Specifically, the Court finds that a such a significant sentence reduction would not would adequately address the seriousness of the charges of Eggleston's conviction, promote respect for the law or provide a just punishment. Notwithstanding, the Court commends Eggleston for his commitment to rehabilitation and for his renewed devotion to his family.

## CONCLUSION

For the reasons set forth above, the Court finds that Eggleston's circumstances do not meet the demanding standard necessary for compassionate release. Moreover, the

---

ensure the continued effective operation of the federal prison system." *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan, https://www.bop.gov/resources/news/20200313_covid-19.jsp (last accessed September 15, 2020). Those steps include limiting visits and internal movement, increased hygiene measures, and screening of both staff and inmates. (*Id.*) Current measures also include a 14-day isolation period, and limited group gatherings ("Plan"). *See* Federal Bureau of Prisons, BOP COVID-19 Action Plan Phase V, https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp (last accessed September 15, 2020). The BOP periodically updates its Plan and is currently in Phase IX. BOP COVID-19 Action Plan Phase VII, https://prisonology.com/wp-content/uploads/2020/08/COVID-19-Phase-9-COVID-Action-Plan.pdf. (last accessed September 15, *also* BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last accessed September 15, 2020.)

6

Court finds that the § 3553(a) sentencing factors also weigh against release. Accordingly, the Court respectfully denies his Motion.

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Antoine Chaus Eggleston's styled motion for compassionate release (Doc. No. [101]) is respectfully **DENIED**.

Date: September 17, 2020             s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge