UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,   | Criminal No. 14-412 (DWF) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Antoine Chaus Eggleston, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Antoine Eggleston's *pro se* motion to reduce sentence. (Doc. No. 121.) The United States of America (the "Government") opposes Eggleston's motion. (Doc. No. 125.) For the reasons discussed below, the Court respectfully denies Eggleston's motion.

## BACKGROUND

In 2015, Eggleston pled guilty to one count of possession with intent to distribute cocaine. (Doc. Nos. 28, 30.) He was sentenced to 202 months in prison and a term of 5 years of supervised release. (Doc. Nos. 65-66.) Eggleston is currently incarcerated at FPC Duluth. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited July 13, 2023).

In July 2020, Eggleston filed his first motion for compassionate release on the grounds that he suffers from Type 2 diabetes, hypertension, and high cholesterol. (Doc. No. 101.) Eggleston argued that as an individual with diabetes, he was at higher risk of

death if he contracted COVID-19.  This Court concluded that Eggleston's circumstances did not meet the demanding standard for compassionate release.  (Doc. No. 117.)  While the Court recognized that Eggleston suffers from medical conditions that increase his risk of severe illness should he contract COVID-19, the Court concluded that Eggleston's medical conditions were well controlled, and the sentencing factors weighed against release.

Eggleston moves for compassionate release again on similar grounds.  Namely, he argues that he suffers from type 2 diabetes, hypertension, and high cholesterol and these conditions increase his risk of severe illness should he contract COVID-19.  The Government opposes the motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1.

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with

[the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13.  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction.  *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . " *Id.*  The record reflects that Eggleston requested compassionate release from the warden more than 30 days ago.  (Doc. No. 121-5.)  Accordingly, the Court finds Eggleston's motion ripe for review.

Eggleston suffers from type 2 diabetes, hypertension, and high cholesterol. Persons with these conditions are at an increased risk for severe illness should they contract the COVID-19 virus.  That being said, COVID-19 appears to be under control at FPC Duluth.  Currently, Duluth reports zero COVID-19 cases among inmates and staff. Federal Bureau of Prisons, BOP COVID-19 Statistics, *https://www.bop.gov/coronavirus/covid19_statistics.html* (last visited July 13, 2023). Eggleston is also vaccinated (Doc. No. 121 at 3; Doc. No. 126 at 43), which mitigates his risk. "The CDC advises that while vaccinated individuals may still contract COVID-19, they are much less likely to experience severe symptoms than people who are

3

unvaccinated." *United States v. Kingbird*, No. 19-cr-0054(1), 2023 WL 136599, at *2 (D. Minn. Jan. 9, 2023) (internal quotations omitted). Moreover, Eggleston has failed to explain how his conditions have changed since his last motion for compassionate release. The Court finds no basis to conclude that FPC Duluth is, or will be unable to, accommodate Eggleston's health conditions.

Because the Court concludes that Eggleston has failed to demonstrate extraordinary and compelling circumstances that warrant compassionate release, the Court need not address the sentencing factors or whether Eggleston poses a danger to the community.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Antoine Chaus Eggleston's motion to reduce sentence (Doc. No. [121]) is respectfully **DENIED**.

Dated:  July 18, 2023                              s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge